UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CARYLON YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00441-JMS-DLP |
| ) | |
| WEXFORD OF INDIANA, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Carylon Young, an inmate in the custody of the Indiana Department of Correction, suffers from chronic knee pain due to degenerative arthritis. He brought this 42 U.S.C. § 1983 action against two doctors and the company that used to employ them, alleging that they violated the Eighth Amendment by not sending him to an outside specialist. The defendants have moved for summary judgment, and Mr. Young has not responded. Because no reasonable jury would find that the defendants were deliberately indifferent to Mr. Young's condition in violation of the Eighth Amendment, the motion for summary judgment is **GRANTED**.

**I.
Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).

1

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 572-73 (7th Cir. 2017).

Mr. Young has not responded to the defendants' summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant 'still ha[s] to show that summary judgment [i]s proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp*., 653 F.3d 532, 543 (7th Cir. 2011)).

## II.
## Factual Background

Because the defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). Because Mr. Young has not responded to the summary judgment motion, the Court treats the defendants' supported factual assertions as uncontested. *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f).

At all times relevant to this case, Mr. Young was an inmate at Wabash Valley Correctional Facility. Dkt. 42-4 at 4, Young Dep. 10:16−11:8. Dr. Naveen Rajoli and Dr. Samuel Byrd were physicians at Wabash Valley, both employed by Wexford of Indiana, LLC. Dkt. 42-1, ¶ 2 (Rajoli declaration); dkt. 42-2, ¶ 2 (Byrd declaration).

Mr. Young has experienced knee pain since about 2016. Dkt. 42-4 at 6, Young Dep. 20:24−21:25. Dr. Byrd and Dr. Rajoli prescribed him Trilepal and Tylenol for pain relief. *Id.* at 7, Young Dep. 24:21−25:19. Mr. Young also purchases ibuprofen from the prison commissary. *Id.* at 10, Young Dep. 34:22−25:3. These medications provide some relief for Mr. Young's pain. *Id.* at 7, Young Dep. 25:15−19.

For about a year, Mr. Young received steroid injections in his knee. *Id.* at 8, Young Dep. 27:10−13. Those injections ended in April 2020 because Mr. Young reported that they were no longer helping his pain. *Id.*; *see* dkt. 42-3 at 4−5.

Dr. Byrd issued Mr. Young a bottom bunk pass in February 2020 because of back pain due to a pinched nerve. Dkt. 42-4 at 7, Young Dep. 23:9−20. Mr. Young still has the bottom bunk pass. *Id.* Dr. Rajoli issued him a prescription for a cane in June 2020. Dkt. 42-3 at 2. Mr. Young still has the cane and uses it "all the time." Dkt. 42-4 at 8, Young Dep. 28:22−29:10.

Mr. Young can perform all the activities of daily living—including bathing, feeding himself, using the restroom, and walking where he needs to go—but those activities are more difficult because of his knee pain. *Id.* at 9−10, Young Dep. 33:6−34:21.

Mr. Young wants surgery to fix his knee. *Id.* at 9, Young Dep. 30:21−31:11. He has seen people running and playing basketball after receiving knee surgery. *Id.* Dr. Rajoli and Dr. Byrd both believe that Mr. Young is not a candidate for knee replacement surgery at this time because he can independently perform the activities of daily living. Dkt. 42-1, ¶ 8; dkt. 42-2, ¶ 7.

### III.
### Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

The defendants do not dispute that Mr. Young's arthritis is a serious medical condition. To survive summary judgment then, Mr. Young must show that the defendants acted with deliberate indifference—that is, that they consciously disregarded his condition. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (en banc).

Deliberate indifference requires more than negligence or even objective recklessness. *Id*. Plaintiff "must provide evidence that an official actually knew of and disregarded a substantial risk of harm." *Id*. "Of course, medical professionals rarely admit that they deliberately opted against the best course of treatment. So in many cases, deliberate indifference must be inferred from the propriety of their actions." *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 241 (7th Cir. 2021) (internal citations omitted). "[A] jury can infer deliberate indifference when a treatment decision is 'so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.'" *Id.* (quoting *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006)). But where the evidence shows that a decision was based on medical judgment, a jury may not find deliberate indifference, even if other professionals would have handled the situation differently. *Id.* at 241−42.

No reasonable jury could find that Dr. Rajoli or Dr. Byrd was deliberately indifferent to Mr. Young's condition. They provided him pain medication, a cane, and steroid injections, and they maintained his bottom bunk pass. Mr. Young's only complaint is that he was not sent to an outside specialist for surgery. But "an inmate is not entitled to demand specific care, and medical professionals may choose from a range of acceptable courses based on prevailing standards in the field." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). Dr. Byrd and Dr. Rajoli exercised their medical judgment in concluding that Mr. Young is not a candidate for knee replacement surgery at this point. They are therefore entitled to summary judgment.

Wexford, too, is entitled to summary judgment. Wexford is treated as a municipality for § 1983 purposes. To survive summary judgment on an Eighth Amendment claim against Wexford, then, Mr. Young must point to evidence that he was deprived of a constitutional right and that some Wexford action—usually a policy, practice, or action by someone with final decisionmaking

5

authority—caused his injury. *Dean*, 18 F.4th at 235. Mr. Young has identified no such evidence, so his claim against Wexford cannot survive summary judgment.

## IV.
## Conclusion

The defendants' motion for summary judgment, dkt. [40], is **GRANTED**. Final judgment shall now issue.

**IT IS SO ORDERED**.

Date: 8/1/2022

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

CARYLON YOUNG
268845
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Douglass R. Bitner
Stoll Keenon Ogden PLLC (SKO)
doug.bitner@skofirm.com

Sarah Jean Shores-Scisney
Stoll Keenon Ogden PLLC (SKO)
sarah.shores@skofirm.com